UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Chang Xiong,

    Petitioner,

Case No. 17-cv-389 (JRT/SER)

v.

**ORDER AND
REPORT AND RECOMMENDATION**

Joe Paget, United States Immigration,

    Respondent.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Chang Xiong's ("Xiong") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition") [Doc. No. 1] and Motion to Appoint Counsel [Doc. No. 2]. In his Petition, Xiong seeks to be deported or released from custody. This matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the Petition and the Motion to Appoint Counsel as moot, and dismissing the action.

**I.  BACKGROUND**

Xiong filed his Petition on February 6, 2017. As of that date, Immigration and Customs Enforcement ("ICE") had been unable to remove him to Laos (his home country) or any other country. (Pet.); (Ex. 1, Attached to Decl.) [Doc. No. 6-1 at 3].[1] Xiong sought deportation or

---

[1]  Exhibit 1 contains the following documents: Release Notification, HQ POCR Checklist, Order of Supervision, and Warning for Failure to Comply with Terms of Supervised Release. *See* (Ex. 1).

release. (Pet at 8).[2]

In his response, Respondent asserts that this Court lacks subject matter jurisdiction over the Petition because Xiong was released on March 15, 2017, subject to certain conditions. *See* (Resp. to Habeas Pet, "Resp.") [Doc. No. 5 at 1]; *see also* (Ex. 1). No reply to the response was filed. *See* (Order Dated Feb. 16, 2017) [Doc. No. 4].

## II.   DISCUSSION

### A.   Legal Standard

An alien who has been ordered removed must be removed within ninety days, the "removal period," subject to certain exceptions. 8 U.S.C. § 1231(a)(1)(A). An alien who is considered inadmissible based on his or her criminal convictions "may be detained beyond the removal period, and if released, shall be subject to the terms of supervision in [§ 1231(a)(3)]." *Id.* § 1231(a)(6). The United States Supreme Court held that § 1231(a)(6) contains "an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). In *Zadvydas*, the Supreme Court held that an alien may only be kept in custody for six months subject to a final removal order unless there is a significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701; *see also Bah v. Cangemi*, 489 F. Supp. 2d 905, 916 (D. Minn. 2007) (Schiltz, J.).

Xiong's release implicates this Court's subject matter jurisdiction. *See* (Resp. at 1–2). "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi,* 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (internal quotation marks omitted).[3] "This case-or-controversy requirement subsists through all

---

[2]   When citing to the Petition, the Court uses the page numbers assigned by CM/ECF.
[3]   *Ali* addressed prudential mootness. 419 F.3d at 724. Because the Respondent does not argue prudential mootness, this Court does not address it.

2

stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (omission in original) (internal quotation marks omitted). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (internal quotation marks omitted). "When, during the course of litigation, the issues presented in a case lose their life because of . . . a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Ali*, 419 F.3d at 723 (second omission in original) (internal quotation marks omitted). When a case is moot under Article III, it must be dismissed for lack of subject-matter jurisdiction. *Id.* at 724.

Nonetheless, Xiong's release does not automatically render his Petition moot. *See Spencer*, 523 U.S. at 7; *Ali*, 419 F.3d at 724. Whether Xiong's Petition is moot "depends on potentially applicable exceptions to the mootness doctrine." *Sayonkon v. Beniecke*, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (Keyes, Mag. J.), *adopted by* 2012 WL 1622545 (May 9, 2012) (Davis, C.J.). A petition

> should not be dismissed as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."

*Id.* (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)).

**B.    Analysis**

    **1.    Mootness**

None of the exceptions to the mootness doctrine apply in Xiong's case. The first exception applies when there is a "concrete and continuing injury other than the now-ended

3

incarceration or parole." *Spencer*, 523 U.S. at 7. Here, there is no continuing injury from Xiong's conditions of release because they are not a collateral consequence of his allegedly illegal detention, which is the subject of his Petition. *See Sayonkon*, 2012 WL 1621149, at *2; *see also Camara v. Comfort*, 235 F. Supp. 2d 1174, 1176 (D. Colo. 2002) ("The primary injury alleged in the petition, however, was Petitioner's illegal detention, not the final order of removal to which he is subject. Since the conditions in the order of supervision flow, not from Petitioner's illegal detention, but from the final order of removal, they are not collateral consequences of Petitioner's detention, and therefore cannot sustain the petition's justiciability under Article III."). Instead, his conditions of release "flow from his final order of removal." *See Sayonkon*, 2012 WL 1621149, at *2. Further, the conditions imposed on Xiong's release are reasonable. *Compare* (Ex. 1 at 5, 8) (listing conditions of release), *with Sayonkon*, 2012 WL 1621149, at *3 (finding substantially similar conditions of release are reasonable).

The second exception to the mootness doctrine—that the issue identified is "capable of repetition yet evading review"—is narrow and only applies "when there is a 'reasonable expectation that the same complaining party will be subjected to the same action again.'" *Sayonkon*, 2012 WL 1621149, at *3 (quoting *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988)). Here, there is no evidence that Xiong will be detained again for a lengthy period of time. To the contrary, Respondents are working to remove Xiong from the United States. (Ex. 1 at 2) (advising Xiong that "[o]nce a travel document is obtained, [he] will be required to surrender to ICE for removal"). Further, whether Xiong violates the conditions of his release is a circumstance wholly within Xiong's control and therefore, does not satisfy the capable-of-repetition aspect of this exception. *See Hickman v. Missouri*, 144 F.3d 1141, 1143 (8th Cir. 1998) (stating that plaintiffs' claims that at least one of them is likely to violate parole and return

to the correctional facility with complained-of Americans with Disabilities Act violations does not satisfy the "capable-of-repetition" prong because that result is within their control and "they are required by law[] to prevent such a possibility from occurring" (internal quotation marks omitted)).

The third exception—voluntary cessation of the illegal conduct that may be resumed—is of particular concern when an alien is released following a habeas petition. A petition is moot "'if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction.'" *Sayonkon*, 2012 WL 1621149, at *4 (quoting *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005) (per curiam)). In other words, if the defendant voluntarily ceased its offensive conduct with the specific intent to deprive the Court of jurisdiction, the case is not moot. *See id.* There is no evidence in the record to suggest, however, that Xiong was released to deprive this Court of jurisdiction.

Finally, the class action exception does not apply because Xiong seeks individual and not class action relief. *See* (Pet.).

Xiong's Petition challenges the length of his ICE detention and seeks deportation or release. (Pet. at 8). But because Xiong was released and ICE continues to work towards his removal, the Court cannot order the relief sought. Further, none of the exceptions to the mootness doctrine apply. Therefore, the Court recommends the Petition be denied as moot.

Additionally, because this Court recommends denying the Petition as moot, the Court also recommends that the Motion to Appoint Counsel be denied as moot.

### III.   XIONG'S CURRENT LOCATION

Because Xiong has been released from ICE custody, it appears the address on file with the Clerk of Court is no longer current. The provisions of Xiong's release suggest that ICE can

5

locate Xiong to advise him of the Court's Report and Recommendation. The Court, therefore, directs ICE, its counsel, or both, to make reasonable efforts to provide Xiong with a copy of this Report and Recommendation within seven days of the date it is issued. Respondent must also file a letter with the Clerk of Court informing the Court of Xiong's current address. Respondent shall have a continuing obligation to apprise the Court of Xiong's address until judgment is entered in this case.

## IV.     CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Respondent must:

1. Make reasonable efforts to provide Petitioner Chang Xiong ("Xiong") with a copy of this Report and Recommendation **within seven (7) days**;

2. File a letter with the Clerk of Court informing the Court of Xiong's current address; and

3. Continue to apprise the Court of Xiong's address until judgment is entered in this case.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Xiong's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED as moot**;

2. Xiong's Motion to Appoint Counsel [Doc. No. 2] be **DENIED as moot**;

3. This action be **DISMISSED without prejudice**.

Dated: July 14, 2017

                                     *s/Steven E. Rau*
                                     STEVEN E. RAU
                                     United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).